

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JPL:DR/SKW/JOE                                    *271 Cadman Plaza East*
F. #2021R00923                                      *Brooklyn, New York 11201*

March 3, 2025

By ECF

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    United States v. Braden John Karony
>        Criminal Docket No. 23-433 (EK)

Dear Judge Komitee:

The government respectfully submits this letter, with the consent of defense counsel, to request the Court allow the government to correct two typos in the above-referenced indictment (ECF Docket Entry No. 1, the "Indictment").

I.       Background

By way of background, on October 31, 2023, a grand jury in this District returned an indictment charging Braden John Karony with securities fraud conspiracy, in violation of 18 U.S.C. § 371 (Count One); wire fraud conspiracy, in violation of 18 U.S.C. § 1349 (Count Two); and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Three).  See ECF No. 1 (the "Indictment").

Subsequent to the return of the Indictment, it came to the parties' attention that there are two typographical errors in Count Three, the money laundering charge.  Specifically, as it pertains to the first specified unlawful activity ("SUA") relevant to the money laundering conspiracy, the violation of the securities fraud statute refers to Title 15, United States Code, Section 77a et seq., when the parties agree it should refer to Title 15, United States Code, Sections 78j(b) and 78ff—the substantive crime underlying the conspiracy charged in Count One.  As to the second SUA, the wire fraud statute references Title 18, United States Code, Section 1346, when the parties agree it should refer to Title 18, United States Code, Section 1343—the substantive crime underlying the conspiracy charged in Count Two.

II.    Applicable Law

The government respectfully requests that the Court grant its request, with the consent of the defendant, to correct the typos contained in the Indictment. "The requirement that the Grand Jury amend the indictment is not absolute[.]" United States v. Dhinsa, 243 F.3d 635, 667 (2d Cir. 2001). The district court or the prosecutor may "correct a misnomer or typographical errors" in the Indictment "as long as the alteration makes no material change and there is no prejudice to the defendant." Id. (quoting United States v. Lorefice, 192 F.3d 647, 653 (7th Cir. 1999)); see also United States v. Miller, 116 F.3d 641, 669–70 (2d Cir. 1997) ("[T]he correction of merely technical errors, such as typographical or clerical mistakes, is permissible where it does not alter the essential substance of the charging terms."); United States v. McGrath, 558 F.2d 1102, 1105 (2d Cir. 1977) ("Innumerable cases have allowed amendment by the Court or the prosecutor without Grand Jury action, under circumstances similar to those of the instant case [in which there was a variation in the names of the defendant's employer].") (collecting cases).

Numerous courts have permitted the government to correct a wide range of typographical errors in indictments. See McGrath, 558 F.2d at 1105 (collecting cases and permitting the government to amend an indictment to reflect the defendant's employer's correct official titles); United States v. Levy, 440 F. Supp. 2d 162, 163–64 (E.D.N.Y. 2006) (amending the Indictment in an alien in possession of a firearm case to correct the name of the ammunition manufacturer because the phrase at issue "was merely a misnomer" and there was no prejudice to the defendant where the Indictment "fully apprised [the defendant] of the 'crime charged and the need to prepare a defense[.]'") (quoting McGrath, 558 F.2d at 1105); United States v. Young Brothers, Inc., 728 F.2d 682, 693 (5th Cir.), cert. denied, 469 U.S. 881 (1948) (name of defendant corporation "Young Brothers, Inc." changed mid-trial to "Young Brothers, Inc. Contractors").

III.    Analysis

Here, the proposed correction to the Indictment is not material and will not cause the defendant any prejudice, much less any undue prejudice. As issued, the Indictment fully informs the defendant of the nature of the "crime charged and the need to prepare a defense" as Counts One and Counts Two of the Indictment refer to the specific securities and wire fraud statutes at issue and subject to amendment in Count Three. See Levy, 440 F. Supp. 2d at 164; United States v. Neill, 166 F. 3d 943, 947 (9th Cir. 1999) ("The essential purpose of an indictment is to give the defendant notice of the charge so that he can defend or plead his case adequately."). The proposed correction—which only corrects a typographical error—does not affect any of the defendants' rights. See Dhinsa, 243 F. 3d at 668 (finding that since "the amendment was made after both sides made their openings statements but before any witnesses were called . . . none of the defendant's rights were affected by the change." (internal citations omitted)). Correcting these typographical errors does not substantively alter the charging language, limit available defenses, increase the defendant's burden at trial or bear on the question of guilt or what evidence should be sufficient to warrant conviction. Nor do these changes impact the defendant's notice as to the crimes with which he is charged. It is readily apparent from the full scope of the Indictment that the relevant SUAs charged in Count Three refer back

2

to the offenses charged in Counts One and Two, and the proposed correction simply clarifies that.

The defendant does not object to the correction of the typographical errors identified herein, but states that he preserves an objection that Counts One and Two of the Indictment fail to state offenses, including for the reason that a charge under Section 1343 must allege that the defendant intended to cause net pecuniary loss.

Accordingly, the government respectfully requests, with the consent of the defendant, that the Court allow the government to correct the typographical errors in Count Three. A proposed corrected indictment is attached hereto as Exhibit A.[1]

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By:     /s/
Dana Rehnquist
Sara K. Winik
John O. Enright
Assistant U.S. Attorneys
(718) 254-7000

cc:     Counsel of Record (by ECF)

---

[1]     In addition to the changes identified herein, the government has also removed the second object of the money laundering conspiracy since the government does not plan to proceed on that at trial.

3